UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL N. KELSEY,

                            Plaintiff,

             -against-

LENORE DUWE; JEFFREY RUTLEDGE;
DARREN NESBITT,

                           Defendants.

21-CV-4298 (PMH)

ORDER OF SERVICE

PHILIP M. HALPERN, United States District Judge:

       Plaintiff, currently incarcerated in Hudson Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights. By order dated May 27, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## STANDARD OF REVIEW

       The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But such solicitude is generally not afforded where the litigant is an attorney representing himself. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (" [A] lawyer representing himself ordinarily receives no such solicitude at all."). Plaintiff is a former attorney who is now incarcerated, and therefore is not entitled to the "special solicitude" normally afforded a *pro se* litigant. *See Triestman*, 470 F.3d at 475 (citation omitted).

## BACKGROUND

Plaintiff brings this action against Lenore Duwe, the mother of a minor whom Plaintiff was prosecuted and convicted of assaulting; and Jeffrey Rutledge and Darren Nesbitt, New York State Police Investigators stationed at the Town of Wappinger State Police Barracks who obtained an arrest warrant against Plaintiff for violating an order of protection. Plaintiff seeks money damages.

The following facts are taken from the complaint. In 2014, Plaintiff was arrested based on Duwe's and Rutledge's allegations that he had sexually assaulted two minors. In 2016, Plaintiff was convicted and sentenced to a prison term.[2] In October 2016, the state-court judge presiding over Plaintiff's sentencing issued an order of protection under New York Criminal Procedure

---

[2] According to public records, on May 12, 2016, Plaintiff was convicted of sexual abuse in the first degree, attempted sexual abuse in the first degree, forcible touching, and endangering the welfare of a child in the County Court of St. Lawrence County. *See In the Matter of Michael N. Kelsey*, 46 N.Y.S.3d 906 (2d Dep't Feb. 22, 2017); *see also* New York State Department of Correction and Community Supervision, Inmate Information for Michael N. Kelsey (May 27, 2021), http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ3/WINQ130.

Law § 530.13, which barred Plaintiff from having any contact with Duwe. The order of protection specifically stated: "'[n]o contact' and '[r]efrain from communication or any contact by mail, telephone, email, voicemail or other electronic or any other means.'" (ECF No. 2 ¶ 11, Exhibit 1 at 47.)

In March 2020, Plaintiff filed a state-court action against Duwe for defamation and infliction of emotion distress based on "libelous comments" she made to a reporter. (*Id*. ¶ 13.) He subsequently mailed Duwe a summons, the complaint, and a supporting affidavit to effect service. Duwe responded by filing with the New York State Police a deposition concerning Plaintiff's actions and requesting his prosecution for violating the order of protection.

In June 2020, Plaintiff filed a second action against Duwe for fraud and concealment based on her statements in 2014 regarding Plaintiff's assault of her child. He again mailed her a copy of the complaint, summons, and supporting affidavit. Duwe again responded by filing a deposition with the New York State Police requesting Plaintiff's prosecution.

On July 15, 2020, a Town Justice for the Wappinger Town Court issued an arrest warrant charging Plaintiff with violating the order of protection. Specifically, Plaintiff was charged with two counts of criminal contempt in the second degree, in violation of New York Penal Law § 215.50.

Plaintiff brings this action asserting that his mailing of legal documents to Duwe were constitutionally protected and that Rutledge and Nesbitt failed to protect his First Amendment rights. He also alleges that Rutledge and Nesbitt deprived him of due process and abused lawful process by subjecting him to an arrest beyond the scope of New York State's order of protection statutes. Plaintiff also bring claims against all three defendants for a conspiracy to deprive him of his rights, retaliatory arrest, and malicious prosecution.

## DISCUSSION

A.     **Claims against Duwe**

Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Generally, a private party who does not work for any state or other government body, would not be subject to liability under § 1983. *See Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

A private person can qualify as a state actor under § 1983 if the link between the state action and the private person's action is so close that the private person's action "may be fairly treated as that of the State itself." *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 229 (2d Cir. 2004) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)); *see also Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 112 (2d Cir. 2003) (A "private actor [who] operates as a willful participant in joint activity with the State or its agents" may be considered a state actor under § 1983) (citation omitted); *Dahlberg v. Becker*, 748 F.2d 85, 93 (2d Cir. 1984) (to constitute joint participation in satisfaction of the state action requirement under § 1983, there must be a "meeting of the minds or intent to conspire" between the private defendant and a state actor). A person who merely seeks police assistance or provides information to the police is not considered a state actor or engaged in joint action with a state actor. *See Betts v. Shearman*, 751 F.3d 78, 85-86 (2d Cir. 2014) (explaining that a private party's legitimate request for assistance does not make the private actor "jointly engaged" in law enforcement conduct); *King v.*

4

*Crossland Sav. Bank*, 111 F.3d 251, 257 (2d Cir. 1997) ("To hold a defendant liable as one who affirmatively instigated or procured an arrest, a plaintiff must show that the defendant or its employees did more than merely provide information. . . ."); *see also Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 217 (2d Cir. 2000) ("The mere reporting of a crime and giving testimony are insufficient [to initiate prosecution]; it must be shown that [the] defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act.") (citations omitted). Accordingly, § 1983 does not "impose civil liability on persons who merely stand to benefit from an assertion of authority under color of law, but only on those who act under color of law." *Ginsberg v. Healey Car and Truck Leasing, Inc.*, 189 F.3d 268, 273 (2d Cir. 1999) (citation omitted).

Here, Plaintiff sues Lenore Duwe for submitting two depositions to the New York State Police, which stated that Plaintiff had violated a 2016 order of protection and requested that Plaintiff be prosecuted. But Plaintiff does not allege any facts suggesting that Duwe played an active role in Plaintiff's prosecution. Rather, he alleges only that she reported a crime and provided a deposition so that authorities acting under color of law could prosecute Plaintiff; that is, she "merely st[ood] to benefit" from Plaintiff's prosecution. *See Ginsburg*, 189 F.3d at 272-73.

As Plaintiff identifies Duwe as a private party who does not work for any state or other government body, and he does not allege facts sufficient to suggest that she was "a willful participant in joint activity with the State or its agents," *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (citation and internal quotation marks omitted), he fails to state a claim against her. Thus, Plaintiff's § 1983 claims against Duwe must be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## B. Service on Rutledge and Nesbitt

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Rutledge and Nesbitt through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against Lenore Duwe. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for Rutledge and Nesbitt, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   White Plains, New York
        June 1, 2021

                                      PHILIP M. HALPERN
                                      United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1.  Jeffrey Rutledge
    Investigator
    New York State Police
    18 Middlebush Road
    Wappingers Fall, NY 12590

2.  Darren Nesbitt
    Investigator
    New York State Police
    18 Middlebush Road
    Wappingers Fall, NY 12590