UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL N. KELSEY,

                            Plaintiff,

            -against-

JEFFREY RUTLEDGE, et al.,

                            Defendants.

**MEMORANDUM OPINION
AND ORDER**

21-CV-04298 (PMH)

PHILIP M. HALPERN, United States District Judge:

Michael Kelsey ("Plaintiff"), proceeding *pro se* and *in forma pauperis* ("IFP"), brings this action against New York State Police Investigators Jeffrey Rutledge ("Rutledge"), Darren Nesbitt ("Nesbitt"), and Justin Lavarnway ("Lavarnway," and collectively, "Defendants"),[1] raising five claims for relief under 42 U.S.C. § 1983. (Doc. 30, "Am. Compl."). Plaintiff alleges that Defendants violated his constitutional rights by recommending an arrest warrant be issued against him for violating a state court order of protection when he mailed legal service of process to the beneficiary of the order, non-party Lenore Duwe ("Duwe"). (*See generally id.*).

Defendants filed a motion to dismiss the entire Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) on February 25, 2022. (Doc. 41; Doc. 42, "Def. Br."). Plaintiff filed an opposition brief on April 7, 2022 (Doc. 44; Doc. 45, "Opp. Br."), and the motion was submitted fully with the filing of Defendants' reply brief on May 2, 2022 (Doc. 52, "Reply").

For the reasons set forth below, Defendants' motion to dismiss is GRANTED.

---

[1] There is no indication that Lavarnway has been served. Nevertheless, the Court considers the viability of federal claims for relief against him pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Williams v. Novoa*, No. 19-CV-11545, 2022 WL 161479, at *10-12 (S.D.N.Y. Jan. 18, 2022).

## BACKGROUND

Plaintiff was arrested in 2014 for sexual assault based in part on allegations made by Duwe and a police "control call" made by Rutledge and Duwe. (Am. Compl. at 2). Plaintiff was convicted by a jury in state court and sentenced to prison for an unspecified period of time.[2] (*Id*. at 3). In October 2016, the state court issued an order of protection against Plaintiff, preventing him from making any contact with Duwe, including "by mail, telephone, email, voice mail or other electronic or any other means." (*Id*.; Doc. 2, Ex. 1, "Order").[3] Plaintiff filed a lawsuit in March of 2020 against Duwe, alleging defamation and intentional infliction of emotional distress; and mailed a copy of the summons and complaint to Duwe's home address. (Am. Compl. at 3). Plaintiff filed a second lawsuit against Duwe in June of 2020, alleging six causes of action of fraud and fraudulent concealment; and again mailed a copy of the summons and complaint to Duwe's home address. (*Id*.). On March 27, 2020, Duwe met with Defendants and filed a sworn deposition statement, stating that she "would like to file a prosecution" against Plaintiff for violating the order

---

[2] According to public records, on May 12, 2016, Plaintiff was convicted of sexual abuse in the first degree, attempted sexual abuse in the first degree, forcible touching, and endangering the welfare of a child in the County Court of St. Lawrence County. *See In the Matter of Michael N. Kelsey*, 46 N.Y.S.3d 904 (2d Dep't Feb. 22, 2017); *see also* New York State Department of Correction and Community Supervision, Inmate Information for Michael N. Kelsey (May 27, 2021), http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ 3/WINQ130. The Court takes judicial notice of this inmate information. *Simmonds v. Family Dollar Store*, No. 18-CV-01241, 2018 WL 5447046, at *1 n.1 (E.D.N.Y. Oct. 25, 2018) ("The Court may take judicial notice of Plaintiff's DOCCS inmate lookup information.").

[3] Although Plaintiff refers to the order of protection as an exhibit to the Amended Complaint, it is not attached to the Amended Complaint and was only submitted as an exhibit to the original complaint. Nonetheless, the Court will consider the order for purposes of deciding this motion. "[T]he Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, [as well as] documents 'integral' to the complaint and relied upon in it, and facts of which judicial notice may properly be taken . . . ." *Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. 2014); *Manley v. Utzinger*, No. 10-CV-2210, 2011 WL 2947008, at *1 n.1 (S.D.N.Y. July 21, 2011) (explaining that a court may consider "statements or documents incorporated into the complaint by reference, and documents possessed by or known to the plaintiff and upon which the plaintiff relied in bringing the suit"); *see also Perry v. Mary Ann Liebert, Inc.*, No. 17-CV-05600, 2018 WL 2561029, at *4 (S.D.N.Y. June 4, 2018) (considering exhibit annexed to earlier complaint in evaluating plausibility of claims), *aff'd*, 765 F. App'x 470 (2d Cir. 2019). Citations to exhibits correspond to the pagination generated by ECF.

of protection by sending her the litigation documents from the first lawsuit in the mail. (*Id*. at 5). On June 29, 2020, Duwe met with Defendants and filed a second sworn deposition statement to the same effect after the second lawsuit was filed and mailed to her. (*Id*. at 6). Defendants, after this second meeting, filed an accusatory instrument against Plaintiff with the Town of Wappinger Court, recommending that an arrest warrant be issued, and initiating criminal proceedings for contempt of court under N.Y. Penal Law § 215.50. (*Id*. at 9, 15-16; Doc. 2, Ex. 3). An arrest warrant was issued against Plaintiff on July 15, 2020, referencing Defendant's accusatory instrument supporting the contempt charge. (Am. Compl. at 16). Plaintiff was arraigned in the Town of Wappinger Court in September 2021. (*Id*. at 30).

This litigation followed.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion enables a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). The factual allegations pled "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. "When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

3

Thus, the Court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357, 361 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intell. Agency*, 953 F.2d 26, 28 (2d Cir. 1991)).

However, while "[p]ro se complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*," dismissal is "appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted)). Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot

4

invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court does, however, have a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

The special solicitude due a *pro se* litigant, however, depends upon that particular party's litigation experience, as "the degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010). Thus, "an attorney, even one who has been disbarred, is not entitled to the 'special solicitude' afforded to *pro se* litigants in construing the allegations of his pleading." *Allegrino v. Ruskin*, No. 19-CV-08900, 2021 WL 429121, at *5 (S.D.N.Y. Feb. 8, 2021), *aff'd*, No. 21-484-CV, 2021 WL 5500084 (2d Cir. Nov. 24, 2021); *United States v. Pierce*, 649 F. App'x 117, 118 n.1 (2d Cir. 2016); *Mitchell v. Con Edison*, 531 F. App'x 140, 141 (2d Cir. 2013); *Fagan v. U.S. Dist. Court for S. Dist. of New York*, 644 F. Supp. 2d 441, 449 (S.D.N.Y. 2009). Plaintiff is a former attorney and is thus not entitled to special solicitude. *In the Matter of Michael N. Kelsey*, 46 N.Y.S.3d at 905 (disbarring Plaintiff based on his felony convictions).

## ANALYSIS

Plaintiff brings five claims for relief grounded in 42 U.S.C. § 1983, alleging that Defendants: (i) failed to provide police protection over the exercise of his First Amendment rights; (ii) engaged in a retaliatory arrest in violation of the First Amendment; (iii) engaged in abuse of process; (iv) denied his rights to procedural due process in violation of the Fourteenth Amendment;

and (v) conspired to violate his civil rights.[4] (*See generally* Am. Compl.). Defendants move to dismiss each claim under Fed. R. Civ. P. 12(b)(6).

The enabling statute, 42 U.S.C. § 1983, provides in pertinent part that "[e]very person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. "This language does not create substantive rights; rather, it creates a mechanism by which individuals can vindicate the violation of rights secured elsewhere." *Santucci v. Levine*, No. 17-CV-10204, 2021 WL 76337, at *3 (S.D.N.Y. Jan. 8, 2021). Thus, to state a claim under § 1983, Plaintiff must demonstrate "(1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under color of state law, or a state actor." *Id.*; *see also Town & Country Adult Living, Inc. v. Vill./Town of Mount Kisco*, No. 17-CV-08586, 2019 WL 1368560, at *17 (S.D.N.Y. Mar. 26, 2019). The "first step in any [§ 1983] claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). The Court considers Defendants' arguments *seriatim*.

I.    First Claim for Relief: Failure to Provide Police Protection of First Amendment Rights

Plaintiff's first claim for relief is that Defendants "had a legal duty to protect [him] i[n] his exercise of his First Amendment rights," and that Defendants' issuance of an accusatory instrument leading to Plaintiff's arrest breached that duty. (Am. Compl. at 4, 8). Plaintiff states in

---

[4] Plaintiff alleged a claim for malicious prosecution in the original complaint. (Doc. 2 at 37). This claim was dropped in the Amended Complaint. Defendants argue that Plaintiff ought to be barred from restoring this claim, citing an "as yet undocketed" February 14, 2022 letter by Plaintiff that purportedly indicated his intent to restore the claim. (Def. Br. at 21). The Court finds no evidence of that letter ever being docketed, and in any event, Plaintiff voluntarily surrendered his attempt to revive the claim in his opposition brief. (Opp. Br. at 37).

his opposition brief for the first time that his "first [claim for relief] alleges that the Defendant Officers failed to protect . . . [Plaintiff's] due process rights under the Fifth and Fourteenth Amendments. Defense Counsel attempts to rebut the access to court claim but is silent otherwise." (Opp. Br. at 1). Plaintiff, however, does not explain how his first claim for relief implicates the Fifth or Fourteenth Amendments. Moreover, the Court considers Plaintiff's due process arguments *infra* as pled by Plaintiff in his fourth claim for relief. The Court, accordingly, construes Plaintiff's first claim for relief under the First Amendment.

Defendants argue that the signed accusatory instrument they filed against Plaintiff stemmed from Plaintiff *mailing* documents in violation of the order of protection, as distinguished from Plaintiff's filing of a lawsuit against Duwe. Thus, Defendants argue, Plaintiff was not barred from access to courts. Rather, he was barred from mailing items to Duwe in violation of the order of protection. (Def. Br. at 9-10). Defendants argue further that even if Plaintiff alleged a violation of his right of access to courts, he cannot show actual injury because the lawsuits he filed against Duwe were frivolous. (*Id*. at 10-11). Plaintiff responds that "[i]nterference with First Amendment rights is actual injury." (Opp. Br. at 2 (citing *Sigafus v. Brown*, 416 F.2d 105 (7th Cir. 1969))).

The Court agrees with Defendants on both grounds.

a.  <u>Actual Injury</u>

As a threshold matter, a plaintiff must establish standing to state an access to courts claim under the First Amendment by alleging actual injury. *Lewis v. Casey*, 518 U.S. 343, 349 (1996) (finding that the actual injury requirement of an access to courts claim "derives ultimately from the doctrine of standing"). In *Lewis*, the Supreme Court considered inmates' right to access courts using prison libraries and observed that:

> the injury requirement is not satisfied by just any type of frustrated legal claim . . . [the] tools [] require[d] to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Id*. at 354 (internal citations omitted); *see also Bellezza v. Holland*, 730 F. Supp. 2d 311, 314 (S.D.N.Y. 2010) ("Requiring an allegation of actual injury 'ensures that courts provide relief to claimants only when they have suffered or will imminently suffer actual harm and prevents courts from undertaking tasks assigned to the other political branches.'") (quoting *Lewis*, 518 U.S. at 349). *See also Gunn v. Doe*, No. 20-CV-00730, 2020 WL 1140746, at *2 (S.D.N.Y. Mar. 6, 2020) ("to state a claim for denial of access to the courts, a plaintiff must allege facts showing that the defendant's conduct . . . 'resulted in actual injury to the plaintiff, such as the dismissal of an otherwise meritorious legal claim.'" (quoting *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)).

Plaintiff fails to meet this standard because he does not allege that the lawsuits he attempted to bring were "otherwise meritorious," and they were not.[5] *See Kelsey v. Clark,* No. 21-CV-00985, 2021 WL 5754823, at *1 (N.D.N.Y. Dec. 3, 2021) (dismissing Plaintiff's § 1983 suit against the state court judge who dismissed Plaintiff's defamation suit, because Plaintiff was found to be "libel-proof"); *People v. Kelsey*, 174 A.D.3d 962, 107 (3d Dep't. 2019) (finding that any challenge to the control call made by Duwe—alleged by Plaintiff to be fraudulent in the fraud suit—would

---

[5] The Court notes that, aside from a single sentence citing *Sigafus*, a 50 year-old out-of-Circuit case concerning an entirely different set of facts, Plaintiff does not grapple with Defendants' argument that he failed to show actual injury for his First Amendment claim. Indeed, Plaintiff does not address at all the argument that his cases against Duwe were frivolous. Thus, by failing to respond, Plaintiff has effectively conceded those arguments. *See Tarrant v. City of Mt. Vernon*, 20-CV-09004, 2021 WL 5647820 at *5 (S.D.N.Y. Dec. 1, 2021) (citing *Ventillo v. Falco*, No. 19-CV-03664, 2020 WL 7496294, at *12 (S.D.N.Y. Dec. 18, 2020) (where a plaintiff fails to respond to a defendant's argument on a motion to dismiss, the point is conceded); *Felske v. Hirschmann*, No. 10-CV-08899, 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1, 2012) ("A plaintiff effectively concedes a defendant's arguments by his failure to respond to them.")).

have little chance of success).[6] These findings by other courts—(i) that Plaintiff is libel proof, and (ii) that challenges to the controlled call would have little chance of success—indicate that the defamation lawsuit and the fraud lawsuit, respectively, were not "otherwise meritorious." Because the defamation and fraud claims lack merit, "[p]laintiff is unable to show that Defendant's actions . . . unfairly prejudiced his case." *Brown v. Brabazon*, No. 95-CV-04183, 1998 WL 177612, at *3 (E.D.N.Y. Apr. 13, 1998), *aff'd*, 166 F.3d 1199 (2d Cir. 1998); *see also Mallet v. Johnson*, No. 09-CV-08430, 2011 WL 2652570, at *6 (S.D.N.Y. July 7, 2011) ("Plaintiff was not denied access to the courts for any non-frivolous claim. He repeatedly presented his arguments to the state courts with respect to the purported evidence and they were rejected."). Without an allegation that he was prevented from filing a meritorious lawsuit, Plaintiff specifically fails to plausibly allege an actual injury sufficient to state a claim of denial of access to courts.

The First Amendment access to courts claim is, accordingly, dismissed on this basis.

### b. Restriction on Access

Even if Plaintiff could show actual injury, his First Amendment claim still fails as a matter of law. Plaintiff's rights were validly curtailed by the order of protection, which was issued by the state court to protect Duwe's right to not be harassed. Defendants had a duty to enforce the valid order of protection, which prevented Plaintiff from mailing anything to Duwe. Plaintiff was not prevented from *suing* Duwe and was not denied access to court to do so. Rather, and only, Plaintiff was prevented from *mailing documents* to Duwe. As Judge Kahn observed, in dismissing Plaintiff's claims in a different case that Plaintiff brought against the district attorney prosecuting

---

[6] The Court takes judicial notice of public records from Plaintiff's prior legal proceedings, which involved matters related to Plaintiff's claims herein. *See Jackson v. New York State*, 523 F. App'x 67, 68 (2d Cir. 2013) ("Matters subject to judicial notice—such as decisions [in] related proceedings—are properly considered on a motion to dismiss and do not require the court to consider the motion as one for summary judgment.").

him and the county justice issuing the contempt citation against him, "[c]ourts have made clear that the First Amendment does not prohibit Orders of Protection that completely bar communication with a particular individual, including through the mail." *Kelsey v. Kessel*, 21-CV-00911, 2021 WL 5277195, at *4 n.1 (N.D.N.Y. Nov. 12, 2021). Because Defendants merely sought to uphold a valid state court order through a criminal proceeding, Plaintiff cannot show that their actions were "deliberate and malicious," as needed to state an access to courts claim. *Gunn*, 2020 WL 1140746, at *2. This lack of deliberate and malicious action by Defendants provides a separate and additional independent basis for dismissal.

Finally, Plaintiff does not plausibly allege that his access to courts was impeded as a factual matter. Plaintiff retained alternative methods of serving Duwe, including by use of a third-party process server.[7] Plaintiff even submitted herein an affidavit of service from a process server who Plaintiff apparently hired in a later, successful attempt to serve Duwe in one of the two cases relevant here. (Opp. Br. Ex. 11, dated Sept. 22, 2020). Based upon Plaintiff's presentation herein, Defendants' enforcement of the order of protection preventing mailing by Plaintiff to Defendant therefore did not impede Plaintiff's access to courts.

Thus, for all the reasons set forth above, Plaintiff's first claim for relief of failure to protect First Amendment rights is dismissed.

---

[7] Defendants, prior to issuing the accusatory instrument against Plaintiff, sought advice from New York State Police Assistant Counsel Amanda Cox as to whether Plaintiff's mailing violated the order of protection, to which Cox responded that "process servers could have delivered the legal papers to the protected party." (Opp. Br. Ex. 13 at 1). A copy of this correspondence was attached to Plaintiff's opposition brief and the Court, accordingly, will consider it on this motion. *See Agu v. Rhea*, No. 09-CV-4732 JS AKT, 2010 WL 5186839, at *4 (E.D.N.Y. Dec. 15, 2010) ("On a motion to dismiss, the Court can consider documents that a pro se litigant attaches to his opposition papers."); *see also Davis v. Cty. of Suffolk*, No. 18-CV-00303, 2020 WL 7699919, at *4 (E.D.N.Y. Oct. 30, 2020) ("[I]n deciding a motion to dismiss a pro se complaint, it is appropriate to consider materials outside the complaint to the extent that they are consistent with the allegations in the complaint, including documents that a pro se litigant attaches to his opposition papers." (internal citations and quotation marks omitted)), *adopted by* 2020 WL 7041082 (E.D.N.Y. Dec. 1, 2020).

II.     Second Claim for Relief: Retaliatory Arrest in Violation of the First Amendment

To state a retaliatory arrest claim under the First Amendment, Plaintiff must show "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004). Plaintiff, relying on *Lozman v. City of Riviera Beach*, 138 S.Ct. 1945 (2018), argues that Duwe sought prosecution as retaliation for Plaintiff's mailing of documents and that Defendants were complicit in this motive. Plaintiff bases this claim on Defendants' filing of an accusatory instrument against him, charging him with contempt of court in violation of N.Y. Penal Law § 215.50. (Am. Compl. at 15-16).

Even assuming that Plaintiff's speech was protected, his claim for retaliatory arrest fails because he cannot show a causal connection between Defendants' alleged adverse action and his protected speech where, as here, probable cause for the underlying criminal charge exists. *Lozman* 138 S.Ct at 1947 ("[A] plaintiff alleging a retaliatory prosecution must show the absence of probable cause for the underlying criminal charge . . . ." (citing *Hartman v. Moore*, 547 U.S. 250 (2006)).[8] Defendants had probable cause to issue an accusatory instrument because Plaintiff violated a court order and N.Y. Penal Law § 215.50(3) makes such conduct illegal. Plaintiff does not dispute that he violated the order of protection. Moreover, Judge Kahn, as indicated *supra*, already adjudicated this very issue—albeit against different state actors for the same arrest—and observed that "to the extent Plaintiff alleges he faced retaliation for engaging in protected speech, he is mistaken." *Kelsey*, 2021 WL 5277195, at *4 n.1.

---

[8] The Court notes that *Lozman* carved out a narrow exception to *Hartman* inapplicable here in cases in which a plaintiff alleges an official municipal policy of intimidation.

Because Defendants had probable cause to issue an accusatory instrument, and because Plaintiff makes no plausible claim that they acted with any motive besides enforcing a valid order, Plaintiff's second claim for relief of retaliatory arrest under the First Amendment is dismissed.

III.   <u>Third Claim for Relief: Abuse of Process</u>

In order to state a claim for abuse of process, Plaintiff must show that Defendants "'(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process.'" *Sforza v. City of New York*, No. 07-CV-06122, 2009 WL 857496, at *16 (S.D.N.Y. Mar. 31, 2009) (quoting *Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir.2003)).[9] Plaintiff fails to sufficiently allege the elements of this claim. The existence of probable cause for Defendants to issue the accusatory instrument, as established *supra*, precludes Plaintiff's claim of abuse of process. *Id.* at *17 ("While a lack of probable cause is not explicitly an element of an abuse of process claim, the presence of probable cause negates a claim for abuse of process, particularly the second element.").

Moreover, Plaintiff's abuse of process claim is premised on a plain misreading of N.Y. Penal Law § 215.50. Plaintiff alleges that "Penal Law 215.50 is a criminal contempt statute. Criminal contempt involves an offense against judicial authority and is utilized to protect the integrity of the judicial process." (Opp. Br. at 10). Plaintiff thus argues that the "specified purpose" of N.Y. Penal Law § 215.50 is to protect "*ongoing* judicial proceedings." (*Id.* (emphasis added)). Plaintiff, however, cites no authority for the proposition that this contempt statute pertains only to ongoing proceedings—and the plain language of the statute suggests no such limitation. *See* N.Y.

---

[9] These elements are derived from New York state law because "courts look to state law for the elements of a § 1983 claim based on [a] malicious abuse of process claim." *Id*. (citing *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir.1994)).

Penal Law § 215.50(3) ("A person is guilty of criminal contempt in the second degree when he engages in any of the following conduct: . . . [i]ntentional disobedience or resistance to the lawful process or other mandate of a court"). The order of protection expressly extended through May 2034 and Plaintiff does not dispute violating the order on its face. (Order at 1). Therefore, Plaintiff is unable to show that Defendants abused the "legal process" of N.Y. Penal Law § 215.50 "to compel performance or forbearance of some act" "without justification" to obtain an illegitimate "collateral objective." *Sforza* at *16. Defendants employed § 215.50 for its intended purpose, to cite a violator of a court order with criminal contempt.

Plaintiff's third claim for relief of abuse of process is, accordingly, dismissed.

IV.   Fourth Claim for Relief: Fourteenth Amendment Procedural Due Process

In order to state a Fourteenth Amendment procedural due process claim, Plaintiff needs to show that "there exists a liberty or property interest which has been interfered with" and that "the procedures attendant upon that deprivation were [not] constitutionally sufficient." *Francis v. Fiacco*, 942 F.3d 126, 141 (2d Cir. 2019). Plaintiff fails at the first step because he does not sufficiently allege that he was deprived of a liberty or property interest.

Plaintiff argues that Defendants' decision to cite him under N.Y. Penal Law § 215.50(3) as opposed to N.Y. Penal Law § 530.13—the statute under which the order of protection was originally issued—constituted a violation of his procedural due process rights. Plaintiff argues that being cited for a violation of N.Y. Penal Law § 530.13 would have provided him with the right to notice and a hearing pursuant to N.Y. Judiciary Law § 750, unlike a violation of N.Y. Penal Law § 215.50(3). (Opp. Br. at 15). However, as Defendants note, nothing in N.Y. Penal Law § 530.13 indicates that it contains the exclusive sanction for a violation of an order of protection. (Def. Br. at 18). Moreover, Defendants offer three different cases where, as here, courts assessed violations

of orders of protection issued pursuant to N.Y. Penal Law § 530.13 by way of N.Y. Penal Law § 215.50. (Def. Br. at 18 (citing *People v. Halper*, 619 N.Y.S.2d 308, 309 (2d Dept. 1994); *People v. Harden*, 807 N.Y.S.2d 905, 906 (4th Dept. 2006); and *People v. Smith*, 133 N.Y.S.3d 481, 481-82 (2d Dept. 2020)). Rather than disputing the applicability of N.Y. Penal Law § 215.50 to his case, Plaintiff admits that "New York State permits violations of orders of protection to be addressed by courts via eight different methods." (Opp. Br. at 18). Plaintiff also waived expressly any argument that N.Y. Penal Law § 215.50 is inapplicable when he stated that "Defense Counsel argues that New York State permits orders of protection violations to be pursued via PL 215.50 contempt proceedings. *This we do not dispute*." (*Id.* (internal citation omitted, emphasis added)). Plaintiff instead attempts to argue that this statutory scheme is entirely unconstitutional as a violation of due process under *Busic v. United States*, 446 U.S. 398 (1980). That case did not once refer to due process and involved an issue of statutory construction entirely inapplicable here. Plaintiff admits that his prosecution under N.Y. Penal Law § 250.15 for violation of an order of protection issued under N.Y. Penal Law § 530.13 was permissible under New York State law, and it was. Citation to N.Y. Penal Law § 215.50(3) as opposed to § 530.13 does not constitute a violation of the Fourteenth Amendment.

Plaintiff's fourth claim for relief of Fourteenth Amendment procedural due process is, consequently, dismissed.

V.     Fifth Claim for Relief: Conspiracy to Violate Civil Rights

Plaintiff's final claim for relief alleges that Defendants engaged in a conspiracy with Duwe to deprive him of his constitutional rights. This claim fails for two reasons. First, a conspiracy claim under § 1983 requires a plaintiff to state an underlying violation of constitutional rights. *See Schultz v. Inc. Vill. of Bellport*, 479 F. App'x 358, 360 (2d Cir. 2012) ("Because [plaintiff] was

14

unable to establish an underlying violation of his constitutional rights . . . his conspiracy . . . necessarily fail[s] as well." (citing *Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009) ("Because neither of the underlying section 1983 causes of action can be established, the claim for conspiracy also fails."))). As explained *supra*, Plaintiff has failed to allege an underlying violation of his civil rights . "[I]t follows that he cannot sustain a claim of conspiracy to violate those rights." *Romer v. Morgenthau*, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000).

Moreover, as Defendants point out, the intra-corporate conspiracy doctrine bars Plaintiff's claims of conspiracy against alleged conspirators who are members of the same public entity, including a police department. *See Little v. City of New York*, 487 F. Supp. 2d 426, 442 (S.D.N.Y. 2007) (dismissing conspiracy claims under the intra-corporate doctrine because "Plaintiff alleges that police officers conspired with each other to violate his rights, but all the police officers . . . are part of a single corporate entity" (internal citation omitted)). Plaintiff, in this regard, asks the Court to stay consideration of this claim until it rules on his June 12, 2021 motion to reconsider dismissal of Duwe as a defendant in the case. (Opp. Br. at 34-35). A stay is unnecessary. First, the Court is ruling on Plaintiff's motion for reconsideration herein. Second, as discussed *supra*, Plaintiff fails to allege an underlying violation of his constitutional rights, so his conspiracy claim fails either way—whether Duwe is a defendant or not. (Reply at 12; Am. Compl. at 2).

Accordingly, Plaintiff's fifth claim for relief of conspiracy to violate civil rights is dismissed.

VI.    <u>Plaintiff's Motion for Reconsideration</u>

Plaintiff named Duwe as a defendant in his original complaint. (Doc. 2). The Court, in a May 27, 2021 Order of Service, dismissed all claims against Duwe under 28 U.S.C. § 1915(e)(2)(B)(ii), because she was not alleged to be a state actor for purposes of § 1983. (Doc. 6

at 7). The Court noted that "[a] person who merely seeks police assistance or provides information to the police is not considered a state actor or engaged in joint action with a state actor. (*Id*. at 4 (citing *Betts v. Shearman*, 751 F.3d 78, 85-86 (2d Cir. 2014)). *See also Scotto v. Almenas*, 143 F.3d 105, 114-115 (2d Cir. 1998).

Plaintiff filed a motion to reconsider Duwe's dismissal on June 22, 2021. (Doc. 9). Defendants responded to Plaintiff's motion on October 7, 2021, arguing that under *Younger v. Harris*, 401 U.S. 37 (1971), the Court ought to defer reconsideration of the dismissal of Duwe because the prosecution for the criminal contempt underlying the instant case was still pending. (Doc. 20 at 1-2). The Court, on October 8, 2021, deemed the motion for reconsideration *sub judice*. (Doc. 21). On December 3, 2021, however, Plaintiff filed the Amended Complaint, removed Duwe as a party in the caption, and expressly identified Duwe as a "non-party." (*See* Am. Compl. at 2). Plaintiff's election to proceed only against Defendants undermined any request to restore the claims alleged against Duwe as a defendant in the original proceeding. The Amended Complaint superseded the original complaint, and therefore, Plaintiff's motion for reconsideration is moot. *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect."). Additionally, Plaintiff's motion does not provide a plausible reason on its merits to reconsider Duwe as a state actor. *Scotto*, 143 F.3d at 114-115 (cooperation with a police investigation through several communications insufficient to prove state action).

Accordingly, Plaintiff's motion for reconsideration is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED and the Amended Complaint is DISMISSED with prejudice for failure to state a claim.[10] Plaintiff's motion for reconsideration of the May 27, 2021 Order of Service dismissing Duwe is DENIED as moot.

While "[d]istrict courts should frequently provide leave to amend before dismissing a *pro se* complaint . . . leave to amend is not necessary when it would be futile." *Reed v. Friedman Mgmt. Corp.*, 541 F. App'x 40, 41 (2d Cir. 2013) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). The Amended Complaint is dismissed with prejudice because Plaintiff already had and took an opportunity to amend, and any further amendment would be futile.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 41, mail a copy of this Memorandum Opinion and Order to Plaintiff, and close this case.

**SO ORDERED:**

Dated:    White Plains, New York
          June 10, 2022

_____
PHILIP M. HALPERN
United States District Judge

---

[10] Given the conclusions reached herein, the Court need not and does not reach Defendants' arguments regarding the *Rooker-Feldman* doctrine or qualified immunity. (*See* Def. Br. at 5-9, 22-24).